# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

**UNITED STATES OF AMERICA**

          **Plaintiff,**

**-vs-**                                **Case No.   CR-3-07-142**

**WILLIAM J. PIKE, JR.**

          **Defendant.**

---

## ENTRY AND ORDER

---

       This matter came before the Court for a Court Trial October 9, 2007, the Defendant having waived his right to a jury trial, in writing and upon the record.

       Defendant, prior to trial, filed with the Court a Motion in Limine [Doc. 28] to Exclude any Statements made by one Paul "Pig" Pennington, that were contained in recordings and/or transcripts of the same, arguing that those statements were hearsay for which there are no exceptions to the hearsay rule and which, if utilized, would violate Defendant's right to confrontation citing *Crawford v. Washington*, 124 S.Ct. 1354, 158 L. Ed. 177 (2004).

       It was agreed that Paul "Pig" Pennington was unavailable due to an indictment charging him with the exact same offense and his right to remain silent pursuant to the Fifth Amendment.

       The Court agrees that if testimonial statements are at issue, the only indicium of reliability sufficient to satisfy constitutional demands is confrontation.  However, unlike Defendant's position, the Court finds Pennington's statements to the undercover agent were not testimonial and therefore are not precluded by *Crawford.*  The Sixth Circuit defined testimonial evidence as statements made to authorities with full understanding that such statements will be used in the investigation and prosecution of a crime.  *United States v. Cromer*, 389 F.3d 662, 675-74 (6th Circuit, 2004).  Courts, post *Crawford*, have continued to hold that co-conspirator statements

made to confidential informants are not testimonial in nature. See, *United States v. Canady*, 139 Fed. Appx. at 501 (4th Cir.2005); *United States v. Saget*, 377 F.3d at 229-30 (2nd Cir.2004) . In *United States v. Honken*, 378 F.Supp. 2d 928, 957 (N.D. Iowa 2004), the Court read *Crawford* to say that it is not simply the status of the hearer as a police officer or other government agent that makes statements to such government agents testimonial statements. Rather it is the expectation and belief of the declarant to determine whether or not the statement is "testimonial" not the expectation or belief of the hearer. Statements by co-conspirators, such as Pennington, are made in the absence of the reasonable expectation that the statements will later be used in a formal proceeding or investigation, and in both situations the hearer is obtaining information on behalf of the Government.

The Court, in admitting these statements, considered all evidence including but not limited to these statements, and concluded that on the date in question it was proven more likely than not that a conspiracy existed and the Defendant and Pennington were linked thereto. These statements therefore by Pennington are not legally considered hearsay and were admitted into evidence.

Based upon the above findings, the Court DENIES Defendant's Motion in Limine [Doc. 28].

IT IS SO ORDERED.

October 22, 2007                                   **s/THOMAS M. ROSE**

                                                   _____
                                                         THOMAS M. ROSE
                                                   UNITED STATES DISTRICT JUDGE