# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

       Plaintiff,        :       Case No. 3:07-cr-142
                                     Also Case No. 3:10-cv-409

                                       District Judge Thomas M. Rose
     -vs-                             Magistrate Judge Michael R. Merz
                                :

WILLIAM J. PIKE, JR.,

       Defendant.

## REPORT AND RECOMMENDATIONS

       This case is before the Court for initial review under Rule 4 of the Rules Governing § 2255 Cases.  All motions to vacate under § 2255 are referred to the assigned United States Magistrate Judge under the General Order of Assignment and Reference.

       Section 2255 motions are required to be filed within one year of the date on which the judgment became final.  Mr. Pike's conviction was affirmed on appeal on August 19, 2009, and became final ninety days later when his time for filing a petition for writ of certiorari in the United States Supreme Court expired. He signed the Motion on October 17, 2010, within the one-year period and the Motion is therefore timely.

       Petitioner pleads two grounds for relief:

              **Ground One:**     Ineffective counsel at trial.

              **Supporting Facts:** Trial counsel withheld evidence/document at trial that he did not present to the  Court (Exhibit A).

              **Ground Two:** Violation of Sixth and Fourteenth Amendment rights.

              **Supporting Facts:** Defendant did not get a chance to cross-examine

> the witness against him before or at trial. Prosecutor refused to produce and put witness on the stand at trial.

(Motion, Doc. No. 50, PageID 4.)

Defendant was indicted by the grand jury on August 14, 2007. The Indictment (Doc. No. 17) charges Defendant with being in possession, on March 5, 2007, of a firearm which had been in or affected interstate commerce after having been convicted of a felony in 2001. Prior to trial, defendant moved in limine to exclude from evidence any statements made by Paul "Pig" Pennington based on Defendant's asserted right under the Sixth Amendment to confront Pennington (Doc. No. 28). Defendant waived trial by jury and the case was tried to Judge Rose, who denied the Motion in Limine, concluding Pennington's statements were not testimonial, and found Defendant guilty (Doc. Nos. 32, 33). Thereafter Mr. Pike was sentenced to eighty-four months imprisonment (Doc. Nos. 36, 37).

Represented by new counsel, Mr. Pike appealed to the Sixth Circuit. On August 24, 2009, the Court of Appeals affirmed the conviction. *United States v. Pike*, 342 Fed. Appx. 190, 2009 U.S. App. LEXIS 18770 (6th Cir. Aug. 19, 2009). In deciding the Confrontation Clause issue, the Court of Appeals held:

> Pike reiterates his arguments, originally made in his motion in limine, that the admission of Pennington's out-of-court recorded statements violated his Sixth and Fourteenth Amendment rights to confront adverse witnesses, and that the statements constituted inadmissible hearsay. The district court denied his motion on the ground that Pennington's statements were non-testimonial and thus did not implicate the Confrontation Clause. The court also held that the recordings were admissible as relevant statements made in furtherance of a conspiracy. We typically review a district court's evidentiary decisions for abuse of discretion. *United States v. Mayberry*, 540 F.3d 506, 515 (6th Cir. 2008); *United States v. Martinez*, 430 F.3d 317, 326 (6th Cir. 2005). However, a claim that the admission of evidence violates the Confrontation Clause is reviewed *de novo. Mayberry*, 540 F.3d at 515.
>
> We initially conclude that the district court properly admitted Pennington's recorded statements into evidence pursuant to Rule

2

801(d)(2)(E) of the Federal Rules of Evidence, which provides that "a statement by a coconspirator of a party during the course and in furtherance of the conspiracy" is not hearsay. In order for a statement to be admitted under Rule 801(d)(2)(E), the offering party must prove by a preponderance of the evidence that the conspiracy existed, that the defendant was a member of the conspiracy, and that the coconspirator's statements were made in furtherance of the conspiracy. *United States v. Young*, 553 F.3d 1035, 1045 (6th Cir. 2009). The statements must be corroborated by independent evidence. Coconspirator statements may be admissible under Rule 801(d)(2)(E) even when no conspiracy has been charged. *Martinez*, 430 F.3d at 327 n.4 (citing *United States v. Blankenship*, 954 F.2d 1224, 1231 (6th Cir. 1992)); *United States v. Franklin,* 415 F.3d 537, 552 n.6 (6th Cir. 2005)(citing FED. R. EVID. 801, Advisory Committee Notes, 1974 Enactment, Note to Subdivision 801(d)(2)(E)).

Moreover, "the rule does not require that both parties be coconspirators; it merely requires the statement to be 'offered against a party' and be made by 'a coconspirator of a party during the course and in furtherance of the conspiracy.'" *United States v. Culberson,* Nos. 07-2390, 07-2425, 2009 U.S. App. LEXIS 6384, 2009 WL 776106, at *4 (6th Cir. Mar. 24, 2009) (unpublished). Thus, "[c]ourts have consistently allowed the admission of testimony against a defendant made by the defendant's coconspirator to a government agent." 2009 U.S. App. LEXIS 6384, [WL] at *4 (*citing United States v. Mooneyham*, 473 F.3d 280, 286 (6th Cir. 2007) and *Bourjaily v. United States,* 483 U.S. 171, 180, 107 S. Ct. 2775, 97 L. Ed. 2d 144 (1987)).

In *Mooneyham*, we affirmed the admission of a coconspirator's tape-recorded statement made to an undercover agent, holding that under Rule 801(d)(2)(E) the declarant "was indisputably Mooneyham's coconspirator, and the statement in question was clearly made in furtherance of the conspiracy because it was directed at a potentially recurring customer (Agent Williams) with the intention of reassuring him of Mooneyham's reliability as a [drug] supplier." *Mooneyham*, 473 F.3d at 286. Likewise, in the present analogous circumstances, there is no question that Pennington was Pike's coconspirator in their arrangement to sell the firearm to Gabrielson and that Pennington was acting in furtherance of the conspiracy when he made the statements at issue.

\* \* \*

Next, Pike asserts the alleged violation of his Sixth Amendment right to confront Pennington regarding the recorded statements. Generally, the Confrontation Clause prevents the introduction of "testimonial"

3

evidence unless the witness was unavailable or the defendant had a prior opportunity to cross-examine the witness. *Crawford v. Washington*, 541 U.S. 36, 53-54, 124 S. Ct. 1354, 158 L. Ed. 2d 177 (2004). It is undisputed that Pennington was unavailable because he was under indictment for the same offense, and the Fifth Amendment right against self-incrimination prevented Pike from cross-examining him. Thus, the matter of constitutional admissibility turns on whether Pennington's statements are "testimonial" in nature.

While the Supreme Court has not yet given a precise definition of the term "testimonial," it has provided some guidance. For example, the Court has held that ex parte communications, affidavits, prior testimony, and custodial examinations constitute testimonial statements. *Crawford*, 541 U.S. at 51-52. In each of these categories, the statements were made under circumstances leading an objective witness reasonably to expect that the statements would be available for use against the accused in the future investigation and prosecution of a crime. Id. On the other hand, statements made in furtherance of a conspiracy are inherently nontestimonial in nature. *Crawford*, 541 U.S. at 56; see also *Martinez*, 430 F.3d at 329 ("[A] reasonable person in the position of a coconspirator making a statement in the course of and furtherance of a conspiracy would not anticipate his statements being used against the accused in investigating and prosecuting the crime."); *United States v. Holmes*, 406 F.3d 337, 348 (5th Cir. 2005) ("Statements made by a coconspirator during the course and in furtherance of a conspiracy are by their nature generally nontestimonial and thus are routinely admitted against an accused despite the absence of an opportunity for cross-examination.").

Pennington's recorded statements fall within this latter category of nontestimonial evidence. As the government argues, the purpose of the conversations was to further a criminal enterprise through which Pennington and Pike unlawfully sold firearms to Gabrielson. Pennington's statements were not made in reasonable anticipation of a future prosecution; rather, Pennington made the statements while assisting Pike, a convicted felon, in consummating the unlawful sale of a firearm. See *Culberson*, 2009 U.S. App. LEXIS 6384, 2009 WL 776106 at *4 (holding that recorded conversations of a coconspirator were nontestimonial and properly admitted as evidence because they "were not made with the expectation that they would be used in court; they were made with the expectation that [another coconspirator] would continue to assist him with the conspiracy.").

Pike's protestation that "the statements are testimonial in that they were elicited by an undercover governmental agent, who acted with the primary purpose to establish facts relevant to criminal prosecution" is without merit. As we explained in *Mooneyham*,

4

> "[b]ecause [the declarant] was not aware that Williams was a police officer, his remarks were not the product of interrogation and were not testimonial in nature. Hence, there was no *Crawford* error in the introduction of those remarks." *Mooneyham*, 473 F.3d at 287. This rationale applies equally to the present circumstances and reinforces the correctness of the district court's decision to admit the statements at issue. The admission of Pennington's recorded statements therefore did not violate Pike's rights under the Confrontation Clause.

*Id..* at 192-195.  The Court of Appeals decision became final when no petition for review was filed in the Supreme Court and Mr. Pike now seeks relief under 28 U.S.C. § 2255.

**Analysis**

**Ground One**

In Ground One, Mr. Pike asserts he received ineffective assistance of trial counsel because his trial attorney did not introduce in evidence the one-page document attached to his Motion and labeled Exhibit A (PageID 7).  Mr. Pike avers his counsel received the document from the United States Attorney on September 12, 2007, well before his October, 2007, trial.  The Court accepts the accuracy of this averment, at least for purpose of this analysis, because the document bears the fax transmission number of the U.S. Attorney's office and a transmission date of September 12, 2007.

The governing standard for ineffective assistance of counsel is found in *Strickland v. Washington*, 466 U.S. 668 (1984):

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components.  First, the defendant must show that counsel's performance was deficient.  This requires showing that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.  Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a

5

>fair trial, a trial whose result is reliable.  Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

466 U.S. at 687.

With respect to the first prong of the Strickland test, the Supreme Court has commanded:

>Judicial scrutiny of counsel's performance must be highly deferential. . . . A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance;  that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy."

466 U.S. at 689.

As to the second prong, the Supreme Court held:

>The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to overcome confidence in the outcome.

466 U.S. at 694.  See also *Darden v. Wainwright*, 477 U.S. 168 (1986); *Wong v. Money*, 142 F.3d 313, 319 (6th Cir. 1998); *Blackburn v. Foltz,* 828 F.2d 1177 (6th Cir. 1987).  See generally Annotation, 26 ALR Fed 218.

Defendant makes no argument as to why it was deficient performance on his trial attorney's part to seek to admit Exhibit A.  Indeed, although it is not otherwise identified, it would appear that Exhibit A is the cover page for the transcript of Mr. Pennington's conversation with Agent Gabrielson, the very conversation Defendant was attempting to exclude from evidence.

Perhaps Mr. Pike is attempting to argue (although he does not do so explicitly) that the

6

legend on Exhibit A which says "consensually monitored" means that Mr. Pennington also consented to the recording of the conversation because he was somehow cooperating with Gabrielson.  This seems highly unlikely since Mr. Pennington was also indicted on the basis of the same conversation in Case No. 3:07-cr-034 in this Court.  In fact, it was Pennington's likely claim of Fifth Amendment privilege against self-incrimination which made him unavailable to testify in this case (See Motion in Limine, Doc. No. 28, PageID 60).

Aside from this possible but unpersuasive argument, there would have been no reason for competent counsel to seek to introduce Exhibit A in evidence.  It was therefore not ineffective assistance of counsel to fail to do so and Ground One is without merit.

**Ground Two**

In Ground Two, Mr. Pike reasserts his underlying Confrontation Clause claim, to wit, that he was not given an opportunity to cross-examine Pennington.  Here he makes more explicit his claim that Pennington consented to the recording of the conversation and therefore knew he was obtaining testimony for use by the prosecution.

Mr. Pike's Confrontation Clause claim was already heard and decided against him by the Sixth Circuit as quoted above. Furthermore, Exhibit A does not constitute new evidence since it was known to the defense prior to trial, to wit, on September 12, 2007.  Because this evidence was available and was not presented at trial, Mr. Pike has "procedurally defaulted" in its presentation.

The procedural default defense in habeas corpus is described by the Supreme Court as follows:

> In all cases in which a state prisoner has defaulted his

7

> federal claims in state court pursuant to an adequate and independent state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause of the default and actual prejudice as a result of the alleged violation of federal law; or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 749 (1991); *see also Simpson v. Jones,* 238 F. 3rd 399, 406 (6th Cir. 2000). That is, a petitioner may not raise on federal habeas a federal constitutional right he could not raise in state court because of procedural default. *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Engle v. Isaac*, 456 U.S. 107 (1982). Absent cause and prejudice, a federal habeas petitioner who fails to comply with a State's rules of procedure waives his right to federal habeas corpus review. *Boyle v. Million*, 201 F.3d 711, 716 (6th Cir. 2000); *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Engle v. Isaac*, 456 U.S. 107 (1982); *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977). *Wainwright* replaced the "deliberate bypass" standard of *Fay v. Noia,* 372 U.S. 391 (1963). The procedural default analysis of *Wainwright* and its progeny is fully applicable to §2255 motions. *United States v. Frady*, 456 U.S. 152 (1982); *Kaufman v. United States*, 394 U.S. 217 (1969); *Ratliff v. United States*, 999 F.2d 1023 (6th Cir. 1993).

Mr. Pike does not argue any excusing cause and prejudice for his failure to present Exhibit A at trial, except for his claim that his trial attorney rendered ineffective assistance in not doing so. However, as the analysis of Ground One shows, failure to present Exhibit A was not ineffective assistance.

At bottom, the difficulty with Mr. Pike's Motion is that it puts weight on the word

"consensually" in Exhibit A which the word will not bear. The Court of Appeals expressly recognized from the evidence that Gabrielson was acting in an undercover capacity not just at the time of the telephone conversation on March 5, 2007, but during a February, 2007, meeting with Pike and Pennington together and during over fifty telephone conversations with Pennington "regarding topics such as dog fighting, stolen property, and firearms" (see copy of Decision, Doc. No. 46, PageID 383). Mr. Pike presents no evidence Pennington was working with law enforcement aside from the use fo the word "consensually" which was written by some unknown person and undoubtedly refers to Agent Gabrielson's consent. In other words, the recording was not the result of a nonconsensual wiretap. Ground Two is also without merit.

## Conclusion

The Motion is without merit and should be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Mr. Pike should be denied leave to appeal *in forma pauperis* and any requested certificate of appealability.

October 31, 2010.

s/ **Michael R. Merz**
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and

Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).