# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

       Plaintiff,            :        Case No. 3:07-cr-142
                                                Also Case No. 3:10-cv-409

                                                District Judge Thomas M. Rose
    -vs-                                       Magistrate Judge Michael R. Merz

                                                :

WILLIAM J. PIKE, JR.,

       Defendant.

---

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

---

       This § 2255 case is before the Court on Petitioner's Objections (Doc. No. 54) to the Magistrate Judge's Report and Recommendations (Doc. No. 52) which recommended denying the Motion. The General Order of Reference for the Dayton location of court permits a magistrate judge to reconsider decisions or reports and recommendations when objections are filed.

       In the Motion Petitioner pled two grounds for relief:

            **Ground One:**      Ineffective counsel at trial.

            **Supporting Facts:** Trial counsel withheld evidence/document at trial that he did not present to the Court (Exhibit A).

            **Ground Two:** Violation of Sixth and Fourteenth Amendment rights.

            **Supporting Facts:** Defendant did not get a chance to cross-examine the witness against him before or at trial. Prosecutor refused to produce and put witness on the stand at trial.

(Motion, Doc. No. 50, PageID 4.)

       Now in his Objections Petitioner raises an entirely new claim, that his trial counsel was ineffective because he limited the defense to the charge of actual possession of a firearm and the

Court allowed evidence relating to constructive possession (Objections, Doc. No. 54, PageID 454). Nothing like this claim was made in the original Motion, so considering the claim now made in the Objections would amount to allowing an amendment of the Motion.

A one-year statute of limitations applies to § 2255 motions. Mr. Pennington's conviction became final for purposes of that statute on November 17, 2009, when his time for filing a petition for writ of certiorari in the United States Supreme Court expired. An amendment made now would not relate back to the time of the original filing. *Mayle v. Felix*, 545 U.S. 644 (2005). Because the statute of limitations has expired, Mr. Pike is not entitled to consideration of his new claim on the merits.

Mr. Pike also complains that he had only one working day to complete his Objections because the notice of an extension of time only reached him on November 29, 2010. But that does not explain why he did not work on his Objections while waiting for the extension order.

Finally, he complains he has never received a copy of the trial transcript in this case. But no transcript is necessary for presenting a § 2255 motion and, having received a transcript which was provided to his attorney for appeal, he is not entitled to a second one.

It is therefore again respectfully recommended that the § 2255 Motion be denied and Mr. Pike denied leave to appeal *in forma pauperis* and any requested certificate of appealability.

December 7, 2010.

s/ **Michael R. Merz**
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).